Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendants
Lakeville Motor Express, Inc.
and H&B Truck Line, Inc.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Indemnity Insurance Company
of North America,

                    Plaintiff,
                                                    Case No. 07-Civ-4807 (CM) (GWG)

          -against-

Lakeville Motor Express, Inc. and
H&B Truck Line, Inc.,

                    Defendants.
-------------------------------------------------------------X

<u>**ANSWER OF DEFENDANTS**</u>

        Defendants, Lakeville Motor Express, Inc. ("LME") and H&B Truck Line, Inc. ("H&B")

(collectively the "Defendants"), for their Answer to the Complaint of Plaintiff, Indemnity

Insurance Company of North America, state and allege as follows:

        1.        Except as hereinafter specifically admitted, Defendants deny each and every

matter, allegation or thing contained in the Complaint.

        2.        With respect to paragraph 1 of the Complaint, Defendants have insufficient

information to admit or deny the allegations therein and, therefore, deny same and leaves

plaintiff to its proof.

1

3.      With respect to paragraph 2 of the Complaint, Defendants admit only that they are both corporations.  Defendants deny the remaining allegations therein.

4.      With respect to paragraph 3 of the Complaint, Defendants admit only that this Court has jurisdiction over the subject matter to this action pursuant to 28 U.S.C. § 1331 as this action arises from the carriage of goods in interstate commerce and is governed by federal law. Defendants deny the remaining allegations therein.

5.      With respect to paragraph 4 of the Complaint, Defendants admit only that they are subject to in-personam jurisdiction of this Court.  Defendants deny the remaining allegations therein.

6.      With respect to paragraph 5 of the Complaint, Defendants admit only that on or about June 2005, Defendant LME issued the two (2) pro numbers to two (2) shipments originating in Roseville, Minnesota and destined for Sioux Falls, South Dakota.  Defendant LME issued two (2) freight bills for such pro numbers listed therein.  Defendants deny the remaining allegations therein.

7.      With respect to paragraph 6 of the Complaint, Defendants deny the allegations therein.

8.      With respect to paragraph 7 of the Complaint, Defendants deny the allegations therein.

9.      With respect to paragraph 8 of the Complaint, Defendants deny the allegations therein.

10.      With respect to paragraph 9 of the Complaint, Defendants deny the allegations therein.

## SECOND CAUSE OF ACTION

11.     Defendants repeat and reallege their responses to paragraphs 1-9 of the Complaint as their response to paragraph 10.

12.     With respect to paragraph 11 of the Complaint, Defendants admit only that LME received the cargo in dispute in good order from 3M Corporation.  Defendants deny the remaining allegations therein.

13.     With respect to paragraph 12 of the Complaint, Defendants deny the allegations therein.

14.     With respect to paragraph 13 of the Complaint, Defendants deny the allegations therein.

## AFFIRMATIVE DEFENSES

15.     Plaintiff fails to state a claim upon which relief may be granted.

16.     Plaintiff's claims are barred to the extent the Southern District of New York is the improper venue for this action and/or improper under the doctrine of forum non conveniens.

17.     Plaintiff's claims are barred and / or limited by the doctrine of federal preemption

18.     Plaintiff's claims are barred and / or limited as its damages, if any, were caused by an act of God over which the Defendants had no control.

19.     Plaintiff's claims are barred and / or limited due to the acts or omissions of other third parties over which the Defendants had no control.

20.     Plaintiff's claims are barred and / or limited by the provisions of the bill(s) of lading and freight bills issued governing the shipment in this action.

21.    Plaintiff's claims are barred and / or limited by the provisions of the tariffs (including, but not limited to, LKVL 110 Series), service guides, uniform classifications or other similar agreement or notification governing the shipment in this action.

22.    Plaintiff's claims are barred and / or limited by the doctrine of waiver and estoppel.

WHEREFORE, Defendants request an order and relief from this Court as follows:

a.    An Order dismissing the Complaint with prejudice;

b.    An Order awarding the Defendants it reasonable interests, costs and disbursements in this matter; and

c.    An Order awarding such other and further relief deemed equitable and just by this Court.

Dated: New York, New York
        August 6, 2007

/s/ Barry N. Gutterman (BG6140)
    Barry N. Gutterman & Associates, P.C.
    60 East 42nd Street, 46th Floor
    New York, NY 10165
    (212) 983-1466
    Fax: 212-983-1229

    Of counsel:

    Kalina, Willis, Gisvold & Clark, P.L.L.P.
    Michael C. Glover (MN#185401)
    Jason E. Engkjer (MN#318814X)
    6160 Summit Drive, Suite 560
    Minneapolis, MN 55430
    (612) 789-9000

    Attorneys for Defendants
    Lakeville Motor Express, Inc.
    and H&B Truck Line, Inc.

To:     David L. Mazaroli (DM-2929)
        11 Park Place – Suite 1214
        New York, New York 10007-2801
        Phone: (212) 267-8480
        Fax: (212) 732-7352
        Attorneys for Plaintiff


7LM2721.Answer